```
            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION


ROBERT L. GURLEY,              §
                               §
         Plaintiff,            §
                               §
VS.                            §   NO. 4:04-CV-943-A
                               §
AMERICAN AIRLINES, INC.,       §
                               §
         Defendant.            §
```

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motion of defendant, American Airlines, Inc., for summary judgment. The court, having considered the motion, the response of plaintiff, Robert L. Gurley, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

<u>Plaintiff's Claims</u>

On July 9, 2004, plaintiff filed his original complaint in the Dallas Division of the United States District Court for the Northern District of Texas. The action was later transferred to the Fort Worth Division.

Plaintiff alleges: Plaintiff is a former employee of defendant. Another employee of defendant, Deborah Bogdan ("Bogdan"), made surreptitious and illegal recordings of plaintiff's private communications upon which defendant relied in causing plaintiff's termination of employment. Plaintiff was treated differently than other employees because of his race.

Plaintiff seeks relief under 42 U.S.C. § 1981 and declaratory relief under 28 U.S.C. §§ 2201 and 2202.

## II.

## Grounds of the Motion

Defendant contends that plaintiff's claims in this action are barred by res judicata.  Alternatively, defendant says that plaintiff's claims are barred by collateral estoppel.

## III.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on

mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994).  An issue is material only if its resolution could affect the outcome of the action.  Anderson, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for rendering judgment as a matter of law.  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.  Matsushita, 475 U.S. at 597.  See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

## IV.

### Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

3

Plaintiff filed a lawsuit against defendant and one of his supervisors, Peggy Sterling ("Sterling"), in Cause No. 96-187968 in the 96th Judicial District Court of Tarrant County, Texas (the "first lawsuit"). Plaintiff alleged that he had been employed by defendant but was terminated on December 7, 2000, based on his race. He asserted causes of action for discrimination in employment in violation of the Texas Commission on Human Rights Act and Texas Labor Code, intentional infliction of emotional distress, negligent supervision, slander, libel, defamation, and negligent misrepresentation. The state court granted summary judgment, dismissing the claims against Sterling and dismissing plaintiff's claims against defendant for negligent supervision, defamation, and negligent misrepresentation with prejudice. Later, the state court dismissed plaintiff's claim for intentional infliction of emotional distress with prejudice.

On August 2, 2004, the first lawsuit was called for trial. The jury rendered a verdict in favor of defendant and, by final judgment signed September 24, 2004, the state court ordered, adjudged, and decreed that plaintiff take nothing by his state court lawsuit.

In August 2003, approximately one year before the first lawsuit went to trial, another of defendant's former employees told plaintiff's state court counsel that Bogdan had made recordings of plaintiff's conversations. In September of 2003, defendant forwarded to plaintiff's state court counsel what it understood to be portions of transcripts of the tape-recorded

4

conversations.  The tapes themselves were delivered to the court and defendant did not oppose plaintiff's having access to them.

On February 12, 2004, plaintiff filed a lawsuit in the United States District Court for the Northern District of Texas, Dallas Division, against Bogdan alleging that she had illegally taped his conversations.  On April 7, 2004, plaintiff took Bogdan's deposition in that lawsuit.

By order signed April 29, 2004, the state court judge in the first lawsuit allowed plaintiff to depose Bogdan and the employee who made the disclosure regarding the tape recordings.  Depositions took place in May and June of 2004.  In July 2004, plaintiff filed a motion in the first lawsuit to strike and exclude from trial the tapes made by Bogdan and any other related evidence.

5

V.

Law Applied to the Facts

Because the first lawsuit was tried in state court, Texas law controls the determination of whether res judicata or collateral estoppel bars the pursuit of this action. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Pancake v. Reliance Ins. Co. (In re Pancake), 106 F.3d 1242, 1244 (5th Cir. 1997). Res judicata, or claim preclusion, prevents the relitigation of claims that have been fully adjudicated as well as related matters that, with the use of diligence, should have been litigated in the prior suit. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). The doctrine is designed to reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain the stability of court decisions, promote judicial economy, and prevent double recovery. Id. at 629. Collateral estoppel, or issue preclusion, prevents relitigation of issues that were actually litigated and were essential to the judgment of a prior case. Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 801 (Tex. 1992).

To prevail on a claim of res judicata, defendant must show: (1) the parties in both actions are the same or are in privity; (2) there is a final judgment on the merits in the first action; (3) the prior judgment was rendered by a court of competent jurisdiction; and (4) the second action is based on the same claims that were raised or could have been raised in the first action. Amstadt v. United States Brass Corp., 919 S.W.2d

6

Case 4:04-cv-00943-A   Document 33   Filed 07/18/05   Page 7 of 8   PageID 648

644, 652 (Tex. 1996). In assessing the fourth element, the court applies a transactional test, considering whether the facts of the two actions are related in time, space, origin, motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the party's expectations or to business understanding or usage. Barr, 837 S.W.2d at 631.

Plaintiff does not dispute that the first three elements exist in this case. Instead, he focuses on the fourth element, arguing that he could not have presented his civil rights claim at the time he brought the first lawsuit. Yet, plaintiff's own evidence and admissions show that all of his claims could have been raised in the first lawsuit. For example, "Plaintiff included reference to the racial discrimination and harassment issues presented in the state court lawsuit[] only as background evidence . . . ." Pl.'s Resp. to Def.'s Mot. for Summ. J. at 9. "Plaintiff was not aware of the full extent of Bogdan's unlawful conduct and of Defendant's knowledge and participation therein[] until the Spring of 2004." Id. And, plaintiff admits "Plaintiff claimed [in the first lawsuit] that he was treated differently in the terms and conditions of his employment because of race . . . ." Id. at 10. Of course, a term and condition of his employment was the administrative procedure about which he complains here. Because all of plaintiff's claims regarding employment discrimination could and should have been raised in

7

the first lawsuit, the claims in this action are barred by <u>res judicata</u>.[1]

## VI.

## Order

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED July 18, 2005.

                                            /s/ John McBryde
                                            JOHN McBRYDE
                                            United States District Judge

---

[1] The court need not reach the matter of collateral estoppel.

8